UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEVEN RAY CHANCE, | ) |
| | ) |
| Plaintiff, | )   No. 3:11-cv-00250 |
| | )   Judge Trauger |
| v. | ) |
| | ) |
| TENNESSEE DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

### O R D E R

The plaintiff, an inmate at the SPR-Hardeman County Correctional Center in Whiteville, Tennessee, brings this *pro se* action under 42 U.S.C. § 1983. (Docket No. 1).

Because the plaintiff is a "three-striker" under the Prison Litigation Reform Act, the court denied the plaintiff's application to proceed *in forma pauperis* (Docket No. 2) and ordered the plaintiff to submit the full civil filing fee of three hundred and fifty dollars ($350.00) within thirty (30) days of the court's order of March 29, 2011. (Docket No. 4). The court advised the plaintiff that he could request an extension of time within which to submit the full civil filing fee if such a request was made within thirty (30) days of the court's prior order. (*Id*. at p. 5).

The plaintiff then filed a timely motion for a continuance (Docket No. 7), in which the plaintiff sought an ninety (90) day extension of time within which to submit the full civil filing fee. The plaintiff stated that his sentence would expire on May 23, 2011, and that he would need "at least thirty (30) days to gather the necessary funds up to ensure all cost[s] are paid in full." (*Id*.) The plaintiff further stated that he intended to prosecute "this claim to the fullest." (*Id*.)

By order entered on April 14, 2011, the court granted the plaintiff's motion (Docket No. 7)

insofar as the court granted the plaintiff until June 23, 2011 to submit the <u>full</u> civil filing fee. (Docket No. 9). The court advised the plaintiff that, given the lengthy nature of his requested extension, no further extensions would be granted for any reason. (*Id.* at p. 2). The court explicitly warned the plaintiff that failure to submit the full civil filing fee by June 23, 2011, would result in this action being dismissed. (*Id.*)

Although the court's record indicate that the plaintiff received the court's order on April 21, 2011 (Docket No. 11), to date, the plaintiff has not submitted the civil filing fee. Therefore, this action is **DISMISSED** for failure to comply with the orders of the court, and for want of prosecution. Rule 41(b), Fed. R. Civ. P.; *see Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). Because an appeal would **NOT** be taken in good faith, the plaintiff is **NOT** certified to appeal the judgment of the court *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

Entry of this order shall constitute the judgment in this action.

It is so **ORDERED.**

_____
Aleta A. Trauger
United States District Judge